IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HPS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:06CV1061 |
| v. ) | |
| ) | |
| E.I. DU PONT DE NEMOURS ) | |
| AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

TILLEY, Senior Judge.

On October 20, 2009, Magistrate Judge P. Trevor Sharp filed a Memorandum Opinion and Recommendation [Doc. # 119] recommending that Defendant's Motion for Summary Judgment [Doc. # 73] be granted in full and that Plaintiff's Motion to Dismiss Without Prejudice Its Trade Secrets Claim [Doc. # 60] be granted. On November 6, 2009, Plaintiff filed objections to the Recommendation [Doc. # 121].

The court has now reviewed the portions of the Magistrate Judge's Recommendation to which objection was made and has made a de novo determination that finds one minor factual error but is otherwise in accord with the Magistrate Judge's Recommendation. The court therefore adopts the Magistrate Judge's Recommendation and writes separately to correct the factual error.

The Recommendation states that "[t]he only evidence Plaintiff points to in support of its contention that Defendant misrepresented its ability and desire to internally develop a solvent is the affidavit of Plaintiff's president [David Bradford]." [Doc. # 119 at 16]. Plaintiff correctly points out in its objections to the Recommendation that Connie Hendrickson's deposition also provides evidence of Defendant's alleged misrepresentation. In her deposition, Ms. Hendrickson states that Sherry Cunningham responded to Mr. Bradford's question about why Defendant was interested in buying solvent from another source rather than developing one by saying "we simply don't want to do it. It's too much trouble . . . . [I]t's a lot easier to buy it from somebody who already has it." [Doc. # 80-5 at 130].

This minor correction does not change the substance of the Recommendation. The court agrees with the Recommendation's finding that Plaintiff's tort claims are not independent torts as required by North Carolina law but arise out of the confidentiality agreement and the alleged breach of those agreements. [Doc. # 119 at 23]. Plaintiff's own characterization of the fraudulent misrepresentation claim supports this finding. Plaintiff's Amended Complaint states Defendant made false promises and representations "as part of its fraudulent plan and scheme to acquire Plaintiff's confidential and protected alternative solvent technology." [Doc. #13 at ¶13]. Plaintiff also "alleges that

defendant fraudulently misappropriated NuPro's confidential information in breach of the [confidentiality agreements]." [Doc. # 79 at 1]. Finally, in responding to the Recommendation, Plaintiff states it "relied on this fraudulent misrepresentation to his detriment by providing confidential formula information to defendant." [Doc. # 122 at 16]. Given Plaintiff's own inability to separate the alleged fraud from the use of confidential information, it is difficult to see how a tort independent from the breach of the confidentiality agreements exists.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 73] is GRANTED in full. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice Its Trade Secrets Claim [Doc. # 60] is GRANTED and that this action is DISMISSED. A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 26th day of July, 2010

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge